IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONSOLIDATED INFRASTRUCTURE GROUP, INC., ERIC MOODY, ZACK MANTEY, BRIAN HANNA, TRAVIS DANIELS, BRENT COFFIELD, AND TOM ORTH, | Case No. _____ |
| Plaintiffs, | |
| vs. | **COMPLAINT** <br> (Jury Demand) |
| USIC, LLC, USIC LOCATING SERVICES, LLC, LOCATE HOLDINGS, INC., | |
| Defendants. | |

Plaintiffs, Consolidated Infrastructure Group, Inc. ("CIG"), Eric Moody, Zack Mantey, Brian Hanna, Travis Daniels, Brent Coffield, and Tom Orth (collectively referred to as Plaintiffs), and for their Complaint against Defendants, USIC, LLC, USIC Locating Services and Locate Holdings, Inc. (collectively referred to herein as "USIC" or "Defendants"), hereby state and allege as follows:

### INTRODUCTION

1.     This dispute arises from CIG hiring former USIC employees.  USIC has and continues to make unfounded claims and threaten legal action against Plaintiffs in an effort to stifle ordinary competition and interfere with CIG relationship with its employees.

2.     Plaintiffs seek injunctive and declaratory relief and protection under state and federal law to clarify that USIC anticompetitive conduct is unlawful and to enjoin USIC from further unlawful conduct, and joining their claims in a single action avoids a multiplicity of actions and is in the interest of judicial economy.

**THE PARTIES**

3.    Plaintiff CIG is a Delaware corporation registered and authorized to conduct business in the State of Nebraska.  CIG maintains its principal place of business in Omaha, Nebraska.

4.    Plaintiff Eric Moody ("Moody") is a resident and citizen of Nebraska formerly employed by USIC in its Omaha, Nebraska offices.  Moody's job responsibilities included the Nebraska service territory during his employment with USIC.  Moody is currently employed by CIG.

5.    Plaintiff Zack Mantey ("Mantey") is a resident of Iowa formerly employed by USIC in its Omaha, Nebraska offices.  Mantey's job responsibilities included the Nebraska service territory during his employment with USIC.  Mantey is currently employed by CIG.

6.    Plaintiff Brian Hanna ("Hanna") is a resident of Iowa formerly employed by USIC.  Hanna's job responsibilities included the Nebraska service territory during his employment with USIC.  Hanna is currently employed by CIG.

7.    Plaintiff Travis Daniels ("Daniels") is a resident of Iowa formerly employed by USIC.  Daniels is currently employed by CIG.

8.    Plaintiff Brent Coffield ("Coffield") is a resident of Missouri formerly employed by USIC.  Coffield is currently employed by CIG.

9.    Plaintiff Tom Orth ("Orth") is a resident of Florida formerly employed by USIC. Orth is currently employed by CIG.

10.    Defendant USIC, LLC, is a limited liability company organized under the laws of Delaware, maintaining its principal place of business in Mechanicsville, Virginia.

11.    Defendant USIC Locating Services, LLC ("USIC Services"), is a limited liability company organized under the laws of Delaware, maintaining its principal place of business in

2

Indianapolis, Indiana. USIC Services is registered and authorized to conduct business in the State of Nebraska and maintains employees, an office and a registered agent in Nebraska.

12.     Defendant Locate Holdings, Inc. ("Locate Holdings"), is a Delaware corporation, which upon information and belief, maintains its principal place of business in Indianapolis, Indiana.

## JURISDICTION AND VENUE

13.     This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, over claims arising under the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.*; the Clayton Antitrust Act, 15 U.S.C. §§ 12 *et seq.*; and the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836.

14.     This Court has supplemental jurisdiction over claims asserted herein arising under state law pursuant to 28 U.S.C. § 1367, because the state law claims arise from the same case and controversy.

15.     This Court has jurisdiction to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, because an actual controversy exists between the parties.

16.     This Court has personal jurisdiction over USIC because USIC: (1) is registered to conduct, and regularly does conduct, business in the State of Nebraska; (2) maintains offices in the State of Nebraska; (3) owns or leases real property, equipment and personal property assets located in the State of Nebraska; (4) employs personnel in the State of Nebraska; (5) transacts business with residents of Nebraska; (6) maintains a registered agent in the State of Nebraska; and (7) maintains a continuous presence within the State of Nebraska.

17.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because: (1) one or more of the Plaintiffs resides or works in this District; (2) USIC maintains an office in this District; and (3) a substantial part of the events or omissions giving rise to the claim occurred in

3

this District.  According to its website, USIC performed over 703,000 locates in the State of Nebraska within the last year [http://www.usicllc.com].

## FACTUAL ALLEGATIONS

### A.    USIC

18.    USIC is in the business of providing outsourced underground utility location and damage prevention services ("Locating Services").  Locating Services primarily involve the precise location and marking of underground utility and communication lines using detection equipment to allow for safe maintenance and excavation activities to proceed.

19.    USIC is privately owned and is currently operating in thirty-nine (39) states and Canada.  USIC currently employs more than 7,000 employees and technicians and performs more than 57 million locates annually.  USIC is by far, the largest provider of Locating Services in North America.

20.    USIC acquired its dominant market share by eliminating competition through a series of acquisitions and by utilizing anticompetitive business practices to eliminate or stifle competition.

21.    Shortly after its formation, USIC embarked on an aggressive consolidation campaign by buying up competitors in the formerly competitive Locating Services market.

22.    USIC acquired Consolidated Utility Services ("CUS") in 2011, thereby eliminating a principal competitor in the twenty-one (21) states that CUS had formerly conducted Locating Services.

23.    USIC acquired competitor Safe Site Utility Field Services in 2013, increasing its market share in Colorado and Texas.  By the end of 2013, USIC had a dominant share of the Locating Services market, with annual revenues exceeding $450 million—more than four times that of its nearest competitor, Florida-based Dycom industries.

24.     USIC acquired competitor Premier Utility Services in 2015, a privately held Location Services provider operating in the northeast.

25.     In addition, USIC entered into a series of exclusive agreements with vendors for software and equipment which provide USIC with a competitive advantage by denying rivals access to field tools.

26.     USIC also utilizes overly restrictive and anticompetitive employment agreements to restrict former employees from working for rivals, and to threaten rivals with litigation.  USIC employees are required to sign agreements preventing them from competing or working with competitors following separation from USIC.

27.     USIC's anticompetitive business practices harm competition and has resulted in a reduction in Location Services providers.  In many markets, USIC is the sole outsourced Locating Services contractor.

28.     USIC claims that it is the largest outsourced Locating Services contractor in the United States, with a market share exceeding seventy (70%) percent.  Additionally, USIC boasts that it has captured over ninety-five (95%) of the outsourced Locating Services market for Fortune 500 utilities and telecommunications companies in the states in which USIC operations.

**B.     CIG Hires Former USIC Employees USIC Threatens Legal Action**

29.     CIG is a competing Locating Services provider formed in 2016.

30.     CIG sought to recruit experienced Locating Services personnel, including current and former USIC employees.

31.     In May of 2016, CIG hired former USIC employees Erik Egeberg ("Egeberg") and Moody.

32.     During his employment with USIC, Moody was required to sign an employment agreement purporting to prohibit him from competing with USIC following termination of

4852-3532-1915.1

employment, from soliciting customers or employees of USIC, or utilizing confidential information or trade secrets belonging to USIC following separation.

33.     During his employment with USIC, Egeberg signed a stock option agreement containing provisions which purported to prohibit him from working for any competitor of USIC, soliciting customers or employees of USIC, or utilizing confidential information or trade secrets belonging to USIC following separation.

34.     Shortly after accepting employment with CIG, USIC sent cease and desist letters to Egeberg and Moody demanding that Egeberg and Moody immediately cease using any confidential information or trade secrets, solicitation of any USIC customers or employees, and from engaging in any competition with USIC.  The cease and desist letters threatened legal action if Egeberg and Moody failed to comply.

35.     Egeberg and Moody denied any misappropriation of confidential information or trade secrets belonging to USIC.  Additionally, Egeberg and Moody denied that the restrictive covenants were enforceable.  Egeberg and Moody both continued their employment with CIG.

36.     Egeberg filed a lawsuit in the District Court for Lancaster County, Nebraska, seeking a declaration that the restrictive covenants contained in his agreement violated public policy and were therefore unenforceable.  [*Egeberg v. USIC, LLC et al.*, Case No. CI 16-2112, District Court of Lancaster County, Nebraska].  Shortly after Egeberg challenged the legal validity of the restrictive covenants, the matter was settled.  Accordingly, Egeberg is not a party to this action.  Moody's dispute with USIC is unresolved and is a plaintiff in this action.

37.     In September 2016, CIG hired five more former USIC employees (Hanna, Daniels, Coffield, Mantey and Orth).

38.     USIC initially attempted to convince several departed employees to return to USIC.

39.     After it became apparent that the departed employees were not interested in returning, USIC reverted back to threatening litigation.

40.     Of the five September hires, two (Hanna and Daniels) had signed agreements during their employment with USIC purporting to restrict their ability to compete with USIC following separation.

41.     On October 14, 2016, USIC sent cease and desist letters to each of the individual plaintiffs alleging that the individual plaintiffs had removed, retained, used and disclosed confidential information belonging to USIC.

42.     The October 14, 2016 cease and desist letters also alleged that Hanna, Daniels and Moody were in violation of written covenants not to compete or solicit customers or employees and demanded that all such activity immediately cease.

43.     Each of the October 14, 2016 cease and desist letters demanded that each individual plaintiff sign and return a notarized "Confirmation/Agreement" certifying under oath, that the former employee has not used or disclosed any confidential information or trade secrets belonging to USIC, and confirming that the former employee will abide by any post-employment noncompetition or non-solicitation covenants.

44.     Each of the October 14, 2016 cease and desist letters threatened legal action against the individual plaintiffs if they failed to execute and return the sworn "Confirmation/Agreement" to USIC's attorneys by October 19, 2016.

45.     True and correct copies of the October 14, 2016 cease and desist letters sent to the individual plaintiffs are attached hereto as Exhibit A.

4852-3532-1915.1

46.     The individual plaintiffs each deny having used or disclosed any confidential information or trade secrets belonging to USIC.

47.     The individual plaintiffs deny having any contractual or legal duty or obligation to provide a sworn "Confirmation/Agreement" to USIC.

48.     The individual plaintiffs further allege and assert that the restrictive covenants contained in agreements executed while employed by USIC violate applicable law and are unenforceable.

49.     USIC also sent a cease and desist letter to CIG on October 14, 2016.  Therein, USIC demanded, among other things, that CIG ensure that the individual plaintiffs immediately cease and desist from soliciting USIC customers and employees in violation of their agreements and immediately cease use of USIC confidential information.  A true and correct copy of the October 14, 2016 cease and desist letter USIC sent to CIG on October 14, 2016 is attached hereto as Exhibit B.

50.     USIC's demand letter to CIG also threatened legal action if a satisfactory response was not received by USIC by October 19, 2016.

## COUNT I

### DECLARATORY RELIEF
### PLAINTIFFS HAVE NOT MISAPPROPRIATED TRADE SECRETS
### (Defend Trade Secrets Act—18 U.S.C. § 1836 et seq.)

51.     For their First Count for declaratory relief, Plaintiffs reassert each of the allegations recited above, in addition the allegations set forth below.

52.     There presently exists an actual controversy with respect to whether Plaintiffs misappropriated any confidential information or trade secrets belonging to USIC.

4852-3532-1915.1

53.     Under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 et seq., a federal question arises with respect to whether a party misappropriates another party's trade secrets.

54.     The Locating Services business in which Plaintiffs and Defendants are engaged are marketed and performed in interstate commerce.

55.     Plaintiffs pray for a declaration that Plaintiffs have not misappropriated any confidential information or trade secrets as defined by the DTSA.

## COUNT II

### DECLARATORY RELIEF
### PLAINTIFFS HAVE NOT MISAPPROPRIATED TRADE SECRETS
### (Contract)

56.     For their Second Count for declaratory relief, Plaintiffs reassert each of the allegations recited above, in addition to the allegations set forth below.

57.     There presently exists an actual controversy with respect to whether Plaintiffs misappropriated any confidential information or trade secrets belonging to USIC in violation of any contractual agreement.

58.     Plaintiffs pray for a declaration that Plaintiffs have not misappropriated any confidential information or trade secrets in violation of any written agreement.

## COUNT III

### DECLARATORY RELIEF
### USIC'S RESTRICTIVE COVENANTS VIOLATE STATE LAW
### AND ARE UNENFORCEABLE
### (State Law)

59.     For their Third Count for declaratory relief, Plaintiffs reassert each of the allegations recited above, in addition to the allegations set forth below.

4852-3532-1915.1

60.     There presently exists an actual controversy with respect to whether the restrictive covenants contained in agreements executed by certain individual plaintiffs are enforceable under applicable state laws, including the laws of the State of Nebraska.

61.     Plaintiffs assert that the restrictive covenants contained in the USIC agreements are overbroad and not narrowly tailored to protect any legitimate protectable business interest. Instead, the restrictive covenants on their face and in the manner that USIC seeks to enforce their terms, impermissibly restrain trade, violate state law, and are therefore void and unenforceable.

62.     Plaintiffs pray for a declaration that the restrictive covenants contained in USIC agreements purporting to prohibit or restrict competition, solicitation of customers or solicitation of employees are void and unenforceable.

## COUNT IV

### DECLARATORY RELIEF
### USIC'S RESTRICTIVE COVENANTS VIOLATE
### STATE AND FEDERAL ANTITRUST LAWS
### (State and Federal law)

63.     For their Fourth Count for declaratory relief, Plaintiffs reassert each of the allegations recited above, in addition to the allegations set forth below.

64.     There presently exists an actual controversy with respect to whether the restrictive covenants contained in agreements executed by certain individual plaintiffs are enforceable.

65.     Plaintiffs assert that the USIC restrictive covenants are unlawful restraints of trade in violation of state and federal antitrust laws, including Section 1 of the Sherman Act, 15 U.S.C. § 1, Neb. Rev. Stat. § 59-1603, and Neb. Rev. Stat. § 59-801 et seq., in that the USIC restrictive covenants fail to protect a legitimate protectable business interest in the manner that USIC uses them to stifle ordinary competition.

4852-3532-1915.1

66.     Plaintiffs pray for a declaration that the restrictive covenants contained in USIC agreements purporting to prohibit or restrict competition, solicitation of customers or solicitation of employees are void and unenforceable.

### COUNT V

### DECLARATORY RELIEF
### MONOPOLIZATION IN VIOLATION OF
### STATE AND FEDERAL ANTITRUST LAWS
### (State and Federal law)

67.     For their Fifth Count for declaratory relief, Plaintiffs reassert each of the allegations recited above, in addition to the allegations set forth below.

68.     There presently exists an actual controversy with respect to whether the restrictive covenants contained in agreements executed by certain individual plaintiffs are enforceable.

69.     CIG has standing to assert antitrust claims against USIC because CIG is a market participant and competitor of USIC in the North American market for Locating Services.

70.     USIC has acquired and maintains, and/or is attempting to acquire and maintain, monopolistic power over the North American market for Locating Services in violation of state and federal laws, including Section 2 of the Sherman Act. 15 U.S.C. § 2, Neb. Rev. Stat. § 59-1602, and Neb. Rev. Stat. § 59-801 et seq.

71.     Plaintiffs assert that USIC use of monopolist powers is unlawful and USIC should be enjoined from using its monopoly and monopolistic power to enforce or threaten to enforce its restrictive covenants to stifle ordinary competition.

72.     Plaintiffs pray for a declaration that the restrictive covenants contained in USIC agreements purporting to prohibit or restrict competition, solicitation of customers or solicitation of employees are void and unenforceable.

4852-3532-1915.1

## COUNT VI

### DECLARATORY RELIEF
### TORTIOUS INTERFERENCE
### (State Law)

73.     For their Sixth Count for declaratory relief, Plaintiffs reassert each of the allegations recited above, in addition to the allegations set forth below.

74.     There presently exists an actual controversy with respect to whether USIC is tortiously interfering with the relationship between the individual plaintiffs and CIG.

75.     Plaintiffs assert that legitimate employment relationships exists between the individual plaintiffs and CIG, and that USIC is attempting to wrongfully interfere with those employment relationships by seeking to enforce unenforceable agreements and threatening litigation.

76.     Plaintiffs further assert that USIC's attempt to use of the restrictive covenants is not to protect a legitimate proprietary interest, but to stifle ordinary competition.

77.      Plaintiffs pray for a declaration that USIC's interference with the relationship between the individual plaintiffs and CIG is wrongful and without justification.

## COUNT VII

### INJUNCTIVE RELIEF

78.     For their Seventh Count for preliminary and permanent injunctive relief, Plaintiffs reassert each of the allegations recited above, in addition to the allegations set forth below.

79.     Plaintiffs have and will continue to suffer irreparable injury as a result of USIC's anticompetive actions, threats of litigation, and wrongful interference with the relationship between the individual plaintiffs and CIG.

4852-3532-1915.1

80.     Plaintiffs do not have an adequate remedy at law and the damages Plaintiffs have suffered and will continue to suffer in the absence of injunctive relief will be difficult if not impossible to accurately determine.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial and request a trial setting in Omaha, Nebraska.

## PRAYER FOR RELIEF

Plaintiffs respectfully pray for a declaratory judgment and preliminary and permanent injunction granting the following relief:

(1)     Declaring that Plaintiff have not misappropriated confidential information or trade secrets in violation of state or federal laws;

(2)     Declaring that Plaintiffs have not misappropriated confidential information or trade secrets in violation of any written agreement;

(3)     Declaring that USIC restrictive covenants violate state laws and public policy and are therefore invalid and unenforceable as an unreasonably overbroad partial restraint of trade;

(4)     Declaring that UISC restrictive covenants violate state and federal antitrust laws and are unenforceable and void;

(5)     Declaring that USIC is a monopolist unlawfully wielding monopoly power to the extent USIC seeks to utilize overbroad restrictive covenants to stifle ordinary competition;

(6)     Declaring that USIC is estopped from utilizing or threatening to utilize restrictive covenants to stifle ordinary competition;

(7)     Declaring that USIC's restrictive covenants are subject to construction and enforcement under Nebraska law, notwithstanding any provision of the Agreements to the contrary;

(8)     Enjoining USIC from enforcing or seeking to enforce the restrictive covenants against Plaintiffs;

(9)     Enjoining USIC from threatening Plaintiffs with future litigation relating to the restrictive covenants;

(10)    Enjoining USIC from interfering with the relationship between CIG and the individual plaintiffs.

4852-3532-1915.1

(11)    Awarding Plaintiffs their costs and attorney fees in bringing and prosecuting this action.

(12)    Awarding any other relief at law or equity deemed appropriate by the Court.

Dated this 19th day of October, 2016.

<div style="margin-left:40%">

CONSOLIDATED INFRASTRUCTURE GROUP, INC., ERIC MOODY, ZACK MANTEY, BRIAN HANNA, TRAVIS DANIELS, BRENT COFFIELD, AND TOM ORTH, Plaintiffs

By: */s/ Michael S. Degan*
_____
Michael S. Degan, #20372
Thomas H. Dahlk, #15371
Victoria H. Buter, #23841
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE  68102-2186
(402) 346-6000
mike.degan@kutakrock.com
tom.dahlk@kutakrock.com
vicki.buter@kutakrock.com

</div>

14